UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALEJANDRO MADRID,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>H. ANGLEA,<br><br>　　　　　　Defendant. | Case No. 1:19-cv-01456-NONE-JLT (PC)<br><br>**ORDER DENYING PLAINTIFF'S MOTION TO STAY RESOLUTION OF DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**<br><br>(Doc. 50) |

On August 2, 2021, Defendant filed a motion for summary judgment on the grounds that Plaintiff failed to exhaust administrative remedies prior to filing suit. (Doc. 47.) On August 10, 2021, the Court stayed discovery on non-exhaustion related issues until the Court rules on Defendant's motion. (Doc. 49.) The Court additionally vacated the deadline for Defendant to file an opposition to Plaintiff's pending merits-based motion for summary judgment. (*Id.* at 1-2.)

On August 26, 2021, Plaintiff filed a motion to stay resolution of Defendant's exhaustion-based motion for summary judgment. (Doc. 50.) Plaintiff appears to argue that resolution of his merits-based motion for summary judgment (Doc. 39) will dispose of this case, and that conducting discovery related to "competing summary judgment motions" would be a waste of resources. (*See* Doc. 50 at 1-2.)

First, as stated above, the Court already stayed discovery on non-exhaustion-related matters and vacated the deadline for Defendant to respond to Plaintiff's merits-based motion for

summary judgment. Thus, the parties are not obligated—and indeed may not—conduct discovery regarding Plaintiff's merits-based motion for summary judgment. Thus, there is no potential for wasting resources on "competing motions."

Second, the Ninth Circuit has held that "[e]xhaustion should be decided, if feasible, before reaching the merits of a prisoner's claim[s]." *Albino v. Baca*, 747 F.3d 1162, 1170 (9th Cir. 2014). The reason for this is that exhaustion of administrative remedies is mandatory and "unexhausted claims cannot be brought in court." *Jones v. Bock*, 549 U.S. 199, 211 (citation omitted). Thus, "exhaustion is analogous to subject-matter jurisdiction, personal jurisdiction, venue, and abstention, in that all these matters are typically decided at the outset of the litigation." *Albino*, 747 F.3d at 1170. Thus, the Court DENIES Plaintiff's motion to stay resolution of Defendant's exhaustion-based motion for summary judgment.

IT IS SO ORDERED.

Dated:   **August 26, 2021**                                  _ **/s/ Jennifer L. Thurston**
                                                                          CHIEF UNITED STATES MAGISTRATE JUDGE