UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALEJANDRO MADRID,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>H. ANGLEA,<br><br>　　　　　　Defendant. | Case No. 1:19-cv-01456-NONE-JLT (PC)<br><br>**FINDINGS AND RECOMMENDATIONS TO GRANT DEFENDANT'S MOTION FOR SUMMARY JUDGMENT FOR FAILURE TO EXHAUST**<br><br>(Doc. 47)<br><br>21-DAY DEADLINE |

　　　　Defendant moves for summary judgment on the grounds that Plaintiff failed to exhaust administrative remedies prior to filing suit. (Doc. 47.) For the reasons set forth below, the Court recommends that Defendant's motion be granted.

**I.　SUMMARY OF FACTS**[1]

　　　　Alejandro Madrid initiated this action on October 15, 2019. Pl.'s Compl. (Doc. 1). At all times relevant to this case, Plaintiff was incarcerated at Sierra Conservation Center (SCC). Pl.'s First Am. Compl. (Doc. 11).

　　　　In his complaint, Plaintiff alleges he requested permission for visitation by his wife on September 4, 2018. *Id.* 3. He further alleges H. Anglea, the warden of SCC, denied the visitation

---

[1] Defendant filed his motion for summary judgment on August 2, 2021. (Doc. 47.) Despite receiving notice of the requirements for opposing a motion for summary judgment, (Doc. 47-1), to date, Plaintiff has failed to file an opposition to Defendant's motion. Therefore, the Court deems any opposition waived and accepts Defendant's proffered facts as true. Fed. R. Civ. P. 56(e); Local Rule 230(l).

1  request due to disqualifying convictions on October 8, 2018. *Id.*

2      On November 30, 2018, Plaintiff filed an administrative grievance regarding the denial of
3  visitation. Def.'s Statement of Undisputed Facts ("SUF") ¶ 5 (Doc. 47-2 at 2); Williams Decl. Ex.
4  4 (Doc. 47-4 at 35-38). Prison officials cancelled the grievance at the first level of review because
5  it was untimely. Def.'s SUF ¶ 6.

6      Plaintiff appealed the cancellation on December 13, 2018. *Id.* ¶ 5; Williams Decl. Ex. 5
7  (Doc. 47-4 at 46-49). Prison officials rejected the appeal at the second level of review because it
8  was missing a signature, date, and necessary supporting documents, and it included unauthorized
9  lined paper. Def.'s SUF ¶ 7. A rejection notice instructed Plaintiff to "take the corrective action
10  necessary and resubmit the appeal." Williams Decl. Ex. 5 (Doc. 47-4 at 58). Plaintiff resubmitted
11  the appeal, but prison officials again rejected it for the same reasons as before. *See* Def.'s SUF ¶
12  7. The rejection notice against instructed Plaintiff to take corrective action and resubmit the
13  appeal. Williams Decl. Ex. 5 (Doc. 47-4 at 50).

14      Plaintiff, however, did not resubmit the appeal for second-level review. Def.'s SUF ¶ 10.
15  Instead, he submitted the appeal to the third level of review. *See* Def.'s SUF ¶ 8. The California
16  Department of Corrections and Rehabilitation Office of Appeals rejected the third-level appeal on
17  February 12, 2019, because Plaintiff had improperly bypassed the second level of review. *Id.*;
18  Moseley Decl. Ex. 2 (Doc. 47-5 at 8).

19  **II.   LEGAL STANDARDS**

20      **A. Summary Judgment**

21      Summary judgment is appropriate when the moving party "shows that there is no genuine
22  dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R.
23  Civ. P. 56(a). The moving party "initially bears the burden of proving the absence of a genuine
24  issue of material fact." *In re Oracle Corp. Sec. Litig.*, 627 F.3d 376, 387 (9th Cir. 2010) (citing
25  *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)). The moving party may accomplish this by
26  "citing to particular parts of materials in the record, including depositions, documents,
27  electronically stored information, affidavits or declarations, stipulations . . ., admissions,
28  interrogatory answers, or other materials," or by showing that such materials "do not establish the

absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1)(A),(B). When the non-moving party bears the burden of proof at trial, "the moving party need only prove that there is an absence of evidence to support the non-moving party's case." *Oracle Corp.*, 627 F.3d at 387 (citing *Celotex*, 477 U.S. at 325); *see also* Fed. R. Civ. P. 56(c)(1)(B).

Summary judgment should be entered against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. *See Celotex*, 477 U.S. at 322. "[A] complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." *Id.* at 322–23. In such a circumstance, summary judgment should be granted, "so long as whatever is before the district court demonstrates that the standard for the entry of summary judgment . . . is satisfied." *Id.* at 323.

**B. Exhaustion of Administrative Remedies**

The Prison Litigation Reform Act provides that "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Exhaustion of administrative remedies is mandatory and "unexhausted claims cannot be brought in court." *Jones v. Bock*, 549 U.S. 199, 211 (2007). Inmates are required to "complete the administrative review process in accordance with the applicable procedural rules, including deadlines, as a precondition to bringing suit in federal court." *Woodford v. Ngo*, 548 U.S. 81, 88, 93 (2006). The exhaustion requirement applies to all inmate suits relating to prison life, *Porter v. Nussle*, 534 U.S. 516, 532 (2002), regardless of the relief sought by the prisoner or offered by the administrative process, *Booth v. Churner*, 532 U.S. 731, 741 (2001).

The failure to exhaust administrative remedies is an affirmative defense, which the defendant must plead and prove. *Jones*, 549 U.S. at 204, 216. The defendant bears the burden of producing evidence that proves a failure to exhaust; and, summary judgment is appropriate only if the undisputed evidence, viewed in the light most favorable to the plaintiff, shows the plaintiff

3

failed to exhaust. *Albino v. Baca*, 747 F.3d 1162, 1166 (9th Cir. 2014). On a motion for summary judgment, the defendant must prove (1) the existence of an available administrative remedy and (2) that Plaintiff failed to exhaust that remedy. *Williams v. Paramo*, 775 F.3d 1182, 1191 (9th Cir. 2015) (citations omitted). If the defendant meets this burden, "the burden shifts to the plaintiff, who must show that there is something particular in his case that made the existing and generally available administrative remedies effectively unavailable to him. . ." *Id.* If the plaintiff fails to meet this burden, the court must dismiss the unexhausted claims or action without prejudice. *See Lira v. Herrera*, 427 F.3d 1164, 1175 (9th Cir. 2005).

### C. CDCR Grievance Process

The California Department of Corrections and Rehabilitation has an administrative grievance system for prisoners to appeal a policy, decision, action, condition, or omission by the department or staff if it has an adverse effect on prisoner health, safety, or welfare. Cal. Code Regs. tit. 15, §§ 3084.1(a) (2018), 3999.226(a). Compliance with 42 U.S.C. § 1997e(a) requires California-state prisoners to utilize CDCR's grievance process to exhaust their claims prior to filing suit in court. *See Sapp v. Kimbrell*, 623 F.3d 813, 818 (9th Cir. 2010); *see also Woodford*, 548 U.S. at 85-86. Administrative appeals are generally subject to two to three levels of review before the remedy is deemed exhausted. Cal. Code Regs. tit. 15, §§ 3084.1(b) (2018), 3084.7(d)(3) (2018), 3999.226(g), 3999.230(h); s*ee also Sapp*, 623 F.3d at 818.

### III. DISCUSSION

The Prison Litigation Reform Act requires "proper exhaustion," which means that "the prisoner must complete the administrative review process in accordance with the applicable procedural rules . . . as a precondition to bringing suit in federal court." *Woodford*, 548 U.S. at 88, 93. The rules that must be followed, in other words, "are defined not by the PLRA, but by the prison grievance process itself." *Jones*, 549 U.S. at 218. "The level of detail necessary in a grievance to comply with the grievance procedures will vary from system to system . . ., but it is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion." *Id.*

In 2018, California regulations required prisoners to pursue an administrative appeal

1    through three levels of review in order to exhaust administrative remedies. Cal. Code Regs. tit.

2    15, §§ 3084.1(b) (2018), 3084.7(d)(3) (2018). A prisoner was required to submit the appeal

3    within 30 days of the event or decision of which the prisoner complained. *Id.* § 3084.8(b) (2018).

4          Regulations further provided that an "appeal may be cancelled" if "[t]ime limits for

5    submitting the appeal are exceeded." *Id.* § 3084.6(c)(4) (2018.) The regulations provided that an

6    "appeal may be rejected" if the "inmate . . . has not provided a signature and/or date on the appeal

7    forms in the designated signature/date blocks," if "[t]he appeal is missing necessary supporting

8    documents," or if the "inmate . . . has . . . submitt[ed] an appeal at the third level prior to lower

9    level review." *Id.* § 3084.6(b)(7),(13),(15) (2018). A cancellation or rejection (as opposed to a

10   denial on the merits) "does not exhaust administrative remedies." *Id.* § 3084.1(b) (2018).

11         Plaintiff alleges Defendant denied his visitation request on October 8, 2018. Pl.'s First

12   Am. Compl. 3. Plaintiff filed a grievance regarding the denial on November 30, 2018. Def.'s SUF

13   ¶ 5; Williams Decl. Ex. 4 (Doc. 47-4 at 35-38). Prison officials cancelled the grievance at the first

14   level of review because it was filed more than 30 days after the visitation denial. Def.'s SUF ¶ 6;

15   Williams Decl. Ex. 4 (Doc. 47-4 at 43). Pursuant to California Code of Regulations sections

16   3084.6(c)(4) and 3084.8(b), the cancellation was proper. *See also Woodford*, 548 U.S. at 90

17   ("[p]roper exhaustion demands compliance with an agency's deadlines").

18         Plaintiff appealed the cancellation on December 13, 2018, to explain the time delay.

19   Williams Decl. Ex. 5 (Doc. 47-4 at 46-49). Prison officials rejected the appeal because (1) it was

20   missing necessary supporting documents, (2) it was missing Plaintiff's signature and date in a

21   designated signature-date block on the appeal form, and (3) it included lined paper. Def.'s SUF ¶

22   7; Williams Decl. Ex. 5 (Doc. 47-4 at 58). Pursuant to California Code of Regulations sections

23   3084(h), 3084.2(b)(1), and 3084.6(b)(7) and (13), the rejection was proper. *See also Sapp*, 623

24   F.3d at 826 (rejection of appeal was proper because inmate failed to attach necessary supporting

25   documents).

26         Plaintiff resubmitted the rejected appeal. Williams Decl. ¶ 11 (Doc. 47-4 at 3-4). Prison

27   officials rejected the appeal a second time because it was again missing a signature and date and

28   still included the lined paper that Plaintiff had been instructed not to include. *Id.* As before, the

rejection was proper. The rejection notice instructed Plaintiff to "take corrective action necessary and resubmit the appeal." Williams Decl. Ex. 5 (Doc. 47-4 at 49).

However, Plaintiff did not resubmit the appeal for intermediate-level review. Def.'s SUF ¶ 10. Instead, he submitted his appeal directly to the third level of review. *See id.* ¶ 8. The CDCR Office of Appeals rejected the appeal because Plaintiff had bypassed the lower level of review. *Id.*; Moseley Decl. Ex. 2 (Doc. 47-5 at 8). Pursuant to California Code of Regulations section 3084.6(b)(15), this rejection was proper.

The Supreme Court has explicitly held "that the PLRA exhaustion requirement requires proper exhaustion." *Woodford*, 548 U.S. at 93. To properly exhaust, prisoners must comply with the prison's grievance procedures. *Jones*, 549 U.S. at 218. That is, "the prison's requirements . . . define . . . proper exhaustion." *Id.* As described above, Plaintiff did not comply with the CDCR's procedures when filing his administrative grievances concerning the denial of visitation rights. Therefore, he did not properly exhaust his administrative remedies.

## IV. CONCLUSION AND RECOMMENDATION

For the reasons above, the Court RECOMMENDS that Defendant's motion for summary judgment (Doc. 47) be GRANTED. These Findings and Recommendations will be submitted to the United States District Judge assigned to this case, pursuant to 28 U.S.C. § 636(b)(l). **Within 21 days** of the date of service of these Findings and Recommendations, Plaintiff may file written objections with the Court. The document should be captioned, "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff's failure to file objections within the specified time may result in waiver of her rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **September 30, 2021**            _____ **/s/ Jennifer L. Thurston**
                                           CHIEF UNITED STATES MAGISTRATE JUDGE