1

2

3

4

5

6

7

8  UNITED STATES DISTRICT COURT

9  FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11  ALEJANDRO MADRID,

12            Plaintiff,

13     v.

14  H. ANGLEA,

15            Defendant.

No. 1:19-cv-01456-NONE-JLT (PC)

ORDER ADOPTING FINDINGS AND
RECOMMENDATIONS AND GRANTING
MOTION FOR SUMMARY JUDGMENT

(Doc. Nos. 47, 52)

16

17       Plaintiff Alejandro Madrid is a state prisoner proceeding *pro se* and *in forma pauperis* in

18  this civil rights action brought under 42 U.S.C. § 1983.  This matter was referred to a United

19  States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

20       On August 2, 2021, defendant Anglea filed a motion for summary judgment on the

21  grounds that plaintiff had failed to exhaust administrative remedies prior to filing suit, as required

22  by the Prison Litigation Reform Act ("PLRA").  (Doc. No. 47.)  Plaintiff did not file an

23  opposition or a statement of non-opposition within the time provided by Local Rules 230(l), and

24  he did not request an extension of time to file either response.  Therefore, the assigned magistrate

25  judge "deem[ed] any opposition waived and accept[ed] [d]efendant's proffered facts as true,"

26  pursuant to Federal Rule of Civil Procedure 56(e) and Local Rule 230(l).  (Doc. 52 at 1.)

27       On October 1, 2021, the assigned magistrate judge issued findings and recommendations,

28  recommending that defendant's motion for summary judgment be granted.  (Doc. No. 52.)  The

1   magistrate judge found that plaintiff failed to comply with the procedures of the California

2   Department of Corrections and Rehabilitation ("CDCR") when filing administrative inmate

3   grievances concerning the claims at issue in this case, and that he therefore failed to "properly

4   exhaust" those claims as required by the PLRA.  (*Id.* at 5-6.)[1]  The findings and recommendations

5   were served on plaintiff and provided him 21 days to file objections thereto.  (*Id.* at 6.)  Plaintiff

6   filed objections on October 20, 2021.  (Doc. No. 55.)

7          In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), this court has conducted a

8   *de novo* review of this case.  Having carefully reviewed the entire file, including plaintiff's

9   objections, the court finds the findings and recommendations to be supported by the record and

10  proper analysis.

11         The uncontested facts show that on November 30, 2018, plaintiff filed an administrative

12  inmate grievance concerning the alleged denial of visitation rights on October 8, 2018.[2]  (Doc.

13  No. 52 at 1-2, 5.)  Prison officials cancelled that inmate grievance as untimely because it was

14  filed more than 30 days after the denial at issue.  (*Id.* at 2, 5.)

15         The court agrees that this cancellation was proper pursuant to California regulations.  (*See*

16  *id.* at 5.)  Even if the cancellation were improper, as plaintiff contends (Doc. No. 55 at 5), the

17  "cancellation . . . did not render administrative remedies effectively unavailable" because plaintiff

18  was still able to appeal the cancellation.  *Cortinas v. Portillo*, 754 F. App'x 525, 527 (9th Cir.

19  2018) (citation omitted).[3]

20         The uncontested facts before the court on summary judgment show that plaintiff appealed

21  the cancellation on December 13, 2018, and that prison officials rejected the appeal because it

22  ―――――――――――――

23  [1]  Approximately one week after the findings and recommendations issued, plaintiff did file an
    untimely (and very lengthy) opposition to the motion for summary judgment (Doc. No. 53), to
    which defendant responded (Doc. No. 54).  Even assuming that opposition to be timely, plaintiff

24  does not raise material disputes of fact therein that would change the result reached by the
    findings and recommendations.

25

26  [2]  At the time the pending motion for summary judgment was filed, the only claim remaining in
    this case was that defendant unconstitutionally denied him visitation by his wife.  (*See* Doc. No.

27  52 at 1–2.)

28  [3] Citation to this unpublished Ninth Circuit opinion is appropriate pursuant to Ninth Circuit Rule
    36–3(b).

1    included improper lined paper, and because it was missing necessary supporting documents and a

2    signature and date in a designated space on the inmate appeal form.  (Doc. No. 52 at 2, 5.)  The

3    rejection notice instructed plaintiff to take corrective action and resubmit the appeal.  (*Id.* at 2.)

4    Plaintiff resubmitted the inmate appeal, but officials rejected it a second time because plaintiff

5    again included improper lined paper and failed to provide a signature and date in a designated

6    space on the inmate appeal form.  (*Id.* at 2, 5.)

7            These grounds for rejection of the grievance were authorized under the applicable

8    California regulations.  (*See id.* at 5-6.)  *See Johnson v. Patel*, No. 2:14-cv-01598-RGK-KK, 2015

9    WL 3866226, at *13 (C.D. Cal. 2015) ("[u]nder California regulations, [p]laintiff was only

10   permitted to include the 602 and 602–A forms in his grievances and could not include any

11   attachments" such as "lined paper").  Plaintiff does not dispute that he failed to provide a

12   signature and date as directed, and he also concedes that he continued to submit the inmate appeal

13   on lined paper (which included an unnecessary illustration of a calendar), arguing that the

14   prison's refusal to accept the lined paper was unlawful.  (Doc. No. 55 at 6-7, 25, 26, 31.)

15   Therefore, plaintiff cannot show that he reasonably believed administrative remedies were

16   unavailable to him, since he has failed to show that he complied with the prison's policies as they

17   were explicitly provided to him and that his inmate appeals were nevertheless rejected.  *See Sapp*

18   *v. Kimbrell*, 623 F.3d 813, 826 (9th Cir. 2010) (plaintiff "could have no reasonable belief that

19   administrative remedies were effectively unavailable," when defendant "specifically instructed

20   [him] on how to seek medical care, and on how to appeal any denial of care, but [plaintiff] did not

21   follow those instructions").

22           Accordingly,

23           1.      The findings and recommendations issued on October 1, 2021 (Doc. No. 52) are

24                   adopted in full;

25           2.      Defendant's motion for summary judgment (Doc. No. 47) is granted;

26           3.      This case is dismissed without prejudice due to plaintiff's failure to exhaust

27                   administrative remedies prior to filing suit;

28   /////

3

1    4.    Plaintiff's pending related motions (Doc. Nos. 39, 40, 44) are denied as moot; and,

2    5.    The Clerk of the Court is directed to assign a district judge to this case for

3          purposes of closure and to close this case.

4   IT IS SO ORDERED.

5    Dated:    **October 27, 2021**                    _Dale A. Drozd_

6                                        UNITED STATES DISTRICT JUDGE

4