UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALEJANDRO MADRID,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>H. ANGLEA,<br><br>　　　　　Defendant. | No. 1:19-cv-01456-JLT-BAK (PC)<br><br>ORDER GRANTING PLAINTIFF'S MOTION TO REOPEN THE TIME TO APPEAL<br><br>(Doc. 59, 62) |

This matter is before the Court on remand from the Ninth Circuit Court of Appeals regarding Alejandro Madrid's Notice of Appeal (Doc. 59), in which he alleges he did not receive timely notice of entry of judgment. (*See* Doc. 62 at 1.) Construing Plaintiff's Notice of Appeal as a Motion to Reopen the Time to Appeal pursuant to Federal Rule of Appellate Procedure Rule 4(a)(6), the Ninth Circuit stayed briefing in the pending appeal and remanded the matter for the limited purpose of allowing this Court to rule on Plaintiff's Motion to Reopen the Time to Appeal. (*See* Doc. 62 at 1-2 (citing *United States v. Withers*, 638 F.3d at 1055, 1061 (9th Cir. 2011).) After carefully considering the Ninth Circuit's instructions and Plaintiff's Notice of Appeal, the Court will grant Plaintiff's motion.

**I.     Relevant Factual and Procedural Background**

Plaintiff, a state prisoner proceeding *pro se* and *in forma pauperis*, initiated this civil rights action on October 15, 2019, pursuant to 42 U.S.C. § 1983. (Doc. 1.)

1       On March 24, 2021, Defendant H. Anglea filed an answer to the complaint. (Doc. 31.)
2  Subsequently, on August 2, 2021, Defendant filed a motion for summary judgment on the
3  grounds that Plaintiff failed to exhaust administrative remedies prior to filing suit, as required by
4  the Prison Litigation Reform Act. (Doc. 47.) Plaintiff did not file an opposition or a statement of
5  non-opposition within the time provided by Local Rules 230(l), and he did not request an
6  extension of time to file either response.
7       On October 27, 2021, District Judge Dale A. Drozd issued an order adopting findings and
8  recommendations and granting Defendant's motion for summary judgment. (Doc. 56.) The Court
9  entered judgment that same date. (Doc. 57.)
10      Plaintiff filed a Notice of Appeal with this Court on December 7, 2021.[1] (Doc. 59.)
11      On January 21, 2022, the Ninth Circuit issued its Order remanding the matter to this
12  Court. (Doc. 62.)
13  **II.    Applicable Legal Standard**
14      Under Rule 4(a)(1)(A), a notice of appeal is timely if it is filed within 30 days after the
15  entry of the order or judgment that is the subject of the appeal. Fed. R. App. P. 4(a)(1)(A). Here,
16  Plaintiff filed his Notice of Appeal on December 7, 2021, or 41 days after the entry of Judgment.
17  (*See* Doc. 59.) The Notice of Appeal is therefore untimely under Rule 4(a)(1)(A). Fed. R. App. P.
18  4(a)(1)(A). Nevertheless, where a notice of appeal is untimely under Rule 4(a)(1)(A), an appellant
19  may seek to reopen the time to file an appeal under Rule 4(a)(6).
20      Rule 4(a)(6) provides:

> The district court may reopen the time to file an appeal for a period of 14 days after the date when its order to reopen is entered, but only if all the following conditions are satisfied:
>
> (A) the court finds that the moving party did not receive notice under Federal Rule of Civil Procedure 77(d) of the entry of the judgment or order sought to be appealed within 21 days after entry; [2]
>
> (B) the motion is filed within 180 days after the judgment or order is entered or within 14 days after the moving party receives notice under Federal Rule of Civil Procedure 77(d) of the entry, whichever is earlier; and
>
> (C) the court finds that no party would be prejudiced.

---

[1] The notice was signed by Plaintiff on December 2, 2021.

2

1 The purpose of Rule 4(a)(6) is to "soften the harsh penalty of losing one's right to appeal due to
2 the government's malfeasance in failing to notify a party of a judgment." *Arai v. Am. Bryce*
3 *Ranches, Inc.*, 316 F.3d 1066, 1070 (9th Cir. 2003); *see also Sanders v. U.S.*, 113 F.3d 184, 187
4 (11th Cir. 1997) (noting it would be unjust to deprive a pro se litigant the opportunity to appeal an
5 order where "through no fault of his own," he did not receive notice of the order). The district
6 court's discretion to deny a motion to reopen is limited, in the sense that it may not consider the
7 underlying merits of the appeal or the concept of "excusable neglect" (from Rule 4(a)(5)) but
8 must apply the requirements identified in Rule 4(a)(6). *Arai*, 316 F.3d at 1070. Indeed, "where a
9 moving party makes an unchallenged assertion that he did not receive timely notice of judgment,
10 and the other Rule 4(a)(6) conditions are not at issue, a district court errs in denying the motion to
11 reopen based solely on the party's failure to learn independently of the entry of judgment."
12 *Withers*, 638 F.3d at 1061-62 (citing *Nunley v. City of Los Angeles*, 52 F.3d 792, 796, 798 (9th
13 Cir. 1995)).

### III.    Analysis

In his Notice of Appeal, Plaintiff indicates he did not receive the judgment until "12/2/2021." (Doc. 59.) The judgment was entered October 27, 2021. (Doc. 57.) Thirty days after entry of judgment would be November 26, 2021. Fed. R. App. P. 26(a)(1)(C). Therefore, Plaintiff received the judgment six days after the time expired for filing a notice of appeal. Plaintiff's assertion is unchallenged. Rule 4(a)(6)(A).

Plaintiff filed his motion to reopen on December 7, 2021, as construed by the Ninth Circuit, just 41 days following the entry of judgment and 5 days after Plaintiff indicates he received notice of judgment having been entered. This satisfies the requirements of Rule 4(a)(6)(B). Lastly, the Court notes there is no indication that any party would be prejudiced by the granting of the instant motion. Therefore, this too is not a condition at issue. Rule 4(a)(6)(C).

### IV.    Conclusion and Order

In light of the foregoing, Plaintiff's Motion to Reopen the Time to Appeal (Doc. 59) pursuant to Federal Rule of Appellate Procedure 4(a)(6) is hereby GRANTED.

In accordance with the Ninth Circuit's January 21, 2022, Order (Doc. 62), the Clerk of the

Court is directed to serve a copy of this order on the Ninth Circuit and Plaintiff does not need to file a new notice of appeal.

IT IS SO ORDERED.

Dated: __March 16, 2022__                    /s/ Jennifer L. Thurston
                                              UNITED STATES DISTRICT JUDGE

4